BRUNDIN v. SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS.

(Supreme Court, Appellate Division, Second Department. January 12, 1897.)

1. BENEFICIAL ASSOCIATIONS—BY-LAWS—CHANGE OF ASSESSMENT SYSTEM.

An amendment to the by-laws of a beneficial association provided that on a certain date every member should be charged with one-half the amount of his benefit certificate, and credited with assessments paid; that members might, within a certain time thereafter, exercise the option of returning to membership under the plan previously in force; and that all members not so electing should continue as members under the new plan. A member died before the time to elect had expired, without making the election. *Held,* that the unpaid balance of the charge made under the new plan should be deducted from his benefits.

2. TRIAL—AGREED STATEMENT OF FACTS—WAIVER.

Where an action is submitted on an agreed statement of facts, stating that the only question presented to the court is whether, "under the by-laws," the parties have certain rights, the validity of the by-laws must be assumed.

Appeal from special term.

Action by P. W. Brundin against the Supreme Council of the Order of Chosen Friends to recover on a benefit certificate. The action was submitted on an agreed statement of facts, and from a judgment entered on a decision of the trial judge in his favor, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. Edward Swanstrom, for appellant.
Howard H. Morse, for respondent.

PER CURIAM. This action is brought by the plaintiff, as assignee of the wife of one Carl A. Fagerhjelm, who held a benefit certificate of the defendant, a fraternal benefit society, for a sum not exceeding $2,000, payable to the widow upon the death of the member. The case was presented to the special term on an agreed statement of facts. By that statement it appears that, under the system of benefits in force prior to the 1st of October, 1895, the plaintiff's assignor, on the death of her husband, would have been entitled to receive the sum of $2,000. On the 14th of September, 1895, the following amendments were made to the by-laws of the defendant:

"Sec. 287a. On the 1st day of October, A. D. 1895, there shall be charged on the relief fund books against every member then in good standing, and thereafter against every member to whom a relief fund certificate is issued, such number of assessments as will realize the full sum of five hundred dollars on each relief fund certificate for one thousand dollars, and pro rata on a certificate for a greater or less sum; and there shall at the same time be credited every such member the full amount paid on account of each assessment prior to said date; and every member shall thereafter be credited with all assessments paid until such member shall pay the full sum of five hundred dollars on a relief fund certificate for one thousand dollars, and pro rata on a certificate for a greater or less sum.

"Sec. 287b. Members admitted prior to October 1st, A. D. 1895, may, prior to January 1st, A. D. 1896, exercise the option of returning to membership under the relief fund plan heretofore in force under the printed laws of A. D. 1894. If such member files with the supreme recorder a declaration in writing that he or she elects to return to membership on the relief fund plan in operation prior to the enactment of the foregoing sections 287 and 287a, then the supreme recorder shall enter the name of such member in a book to be kept for that purpose, and such member shall pay such assessments each month as may be required to meet his or her pro rata of existing claims or other claims in such class as they mature, on the basis of sections 287 to 294, inclusive, of the laws of A. D. 1894,—the number thereof to be determined by the supreme recorder. All members not so electing shall continue members under the equalization plan: Provided that any member exercising this option shall have the right at any time, upon proper notice, to withdraw, and become a member under the equalization plan."

The insured member, Carl A. Fagerhjelm, died on the 4th of November, 1895, without exercising the option provided for by section 287b. At the time of his death he had paid to the defendant, on his insurance, $166.40, leaving $833.60 charged against him. The agreed statement asserts "that the sole question presented to the court in the controversy is whether, under the by-laws, the defendant had the right to deduct from the amount of the policy the last-mentioned sum."

It will be seen that the question of the validity of this amendment of the by-laws was not before the court below, and is not before us. Such validity must be assumed, as the question to be determined is as to the rights of the parties under the by-laws. We are of opinion that the decision of the special term was clearly correct. Six weeks had elapsed between the amendment of the by-laws and the death of the insured member. There is nothing to show that the deceased did not receive notice of the amendment or when notice was given him. Under section 287a the change in the amount payable on relief fund certificates was made to take effect on the 1st day of October, and it affected all members, except those who took affirmative action, under section 287b, to return to the former

system. The time from October 1st to January 1st was given as a period during which any member might express his election, but, until election made, all members were under the new system. It is entirely apparent that, under the new system, the assessments on the death of any member would be lighter than under the old system, because the amount to be paid on the certificate would be less. During this period of three months deaths would be occurring, and members who had not elected to return to the old scheme would be only assessed at the reduced rate. To take advantage of the option granted by the by-laws, it was necessary that the member electing to return to the old system should pay his share of existing or accruing claims at the old rate. Until Fagerhjelm died, we must assume that he paid only the new rate of assessment. There is, therefore, no particular equity that his beneficiary should be paid the old amount of the certificate, and we are not compelled to strain the construction of section 287b to prevent injustice, but leave it to its natural interpretation. So interpreted, it required affirmative action on the part of the member to maintain the old status of his certificate. It was not the operation of the amendment, but the defeat of it, as applied to this party, that depended upon his failure to exercise the option afforded him.

The judgment appealed from should be affirmed, with costs. All concur.